IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.: _____

AIDAN J. WEIR,

    Plaintiff,

vs.

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY d/b/a
Tower Hill Insurance and INTEGON
NATIONAL INSURANCE COMPANY,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, AIDAN J. WEIR ("Plaintiff") sues the Defendants, WRIGHT NATIONAL FLOOD INSURANCE COMPANY d/b/a Tower Hill Insurance and INTEGON NATIONAL INSURANCE COMPANY ("Defendants") and alleges:

PARTIES, JURISDICTION AND VENUE

1. The Plaintiff is an adult individual residing in Collier County, Florida, and is, in all respects relevant hereto, *sui juris*.

2. The Defendant, WRIGHT NATIONAL FLOOD INSURANCE COMPANY d/b/a Tower Hill Insurance ("Wright") is an authorized Florida insurance company that is conducting business within this District, and at all times relevant hereto is subject to the jurisdiction of this Court.

3. The Defendant, INTEGON NATIONAL INSURANCE COMPANY ("Integon") is an authorized Florida insurance company that is conducting business within this District, and at all times relevant hereto is subject to the jurisdiction of this Court.

1

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) because the action is one arising under the laws of the United States; specifically the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001 *et seq.*, as amended (the "NFIA"), and federal common law. The Court has supplemental/pendant jurisdiction under any state claims that may arise during the course of this litigation.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and 42 U.S.C. § 4053.

## FACTUAL ALLEGATIONS

6. At all times relevant hereto, the Defendant Wright issued a primary Flood Policy governed by the NFIA to the Plaintiff under policy number 09 1151723255 03 (the "Primary Policy") for premises located at 16723 Bobcat Drive, Fort Myers, Florida 33908-432 1303 Brookside Drive Naples, FL 34104 (the "Insured Property"). (A copy of the Declaratory Page of the Primary Policy is attached hereto as Exhibit "A").

7. At all times relevant hereto, the Defendant Integon issued an excess Flood Policy governed by the NFIA to the Plaintiff under certificate number PTF0030000047409 (the "Excess Policy") for the Insured Property. (A copy of the Declaratory Page of the Excess Policy is attached hereto as Exhibit "B").

8. On or about September 28, 2022, the Plaintiff suffered a total loss of the Insured Property from Hurricane Ian (the "Loss").

9. At all times relevant hereto, the Plaintiff reported the Loss to the Defendant Wright, or its authorized claim administrator, which opened up a formal claim under claim number 220005232 (the "Primary Claim") and inspected the Insured Property to determine the scope of the loss and estimate of the damages.

10. At all times relevant hereto, the Plaintiff reported the Loss to the Defendant Integon, or its authorized claim administrator, which opened up a formal

claim under claim number NG46039 (the "Primary Claim")

11. On or about February 7, 2023, the Defendant Wright sent a Claim Letter to the Plaintiff on the Primary Claim setting the gross building loss at $60,966.59 replacement cost value ("RCV") and, after accounting for the deductible, the actual cash value ("ACV") of the Loss at $47,735.73.

12. On or about December 6, 2022, the Defendant Integon sent a Coverage Determination Letter to the Plaintiff denying the Excess Claim because the policy limit of the Primary Policy had not been reached.

13. At all times relevant hereto, the amounts tendered by the Defendants to the Plaintiff were not sufficient to compensate for the Loss and return the Insured Property to its pre-loss condition (the "Underpayment").

14. At all times relevant hereto, the Plaintiff has complied with all conditions precedent under the Primary Policy and the Excess Policy to receive loss payments for the total amount of its Loss, and all conditions precedent to filing this lawsuit for a breach of contract for the Defendant's failure to make a loss payment for the total amount of its Loss.

### COUNT I – BREACH OF CONTRACT
(Defendant Wright)

15. The Plaintiff realleges paragraphs one (1) through fourteen (14) as if set forth more fully herein, and would allege still further:

16. At all times relevant hereto, the Defendant entered into an enforceable contract of insurance with the Plaintiff pursuant to which the Defendant obligated itself to make payments to the Plaintiff for direct physical loss by or from flood in an amount to make the Plaintiff whole (after satisfaction of the deductible) and be sufficient to return the Insured Property to its pre-loss condition, up to the policy limits.

17. On or about September 28, 2022, the Plaintiff suffered a total loss of the Insured Property, and on that date, the Subject Policy was in full force and effect.

18. At all times relevant hereto, the Defendant, by and through its agents, has materially breached and failed to perform its duties under the Subject Policy by (a) denying and failing to honor the Plaintiff's total loss of the Insured Property; (b) incorrectly determining the scope of the loss and pricing the damages to the Insured Property; (c) incorrectly interpreting coverage and; (d) failing to make a loss payment to the Plaintiff for the full amount of the Loss.

19. As a direct and proximate result of the Defendant's material breaches of the Subject Policy and/or wrongful acts or omissions, the Plaintiff has been damaged in an amount to be determined at trial, including all contract damages that are due, and consequential damages due to a substantial claim delay.

WHEREFORE, the Plaintiff demands the entry of judgment against the Defendant for (a) compensatory damages; (b) pre-judgment and post-judgment interest, (c) an award of reasonable attorney's fees under any applicable rule, regulation, or statute, along with taxable costs, as the prevailing party, and (d) such further relief as this Court deems to be just and proper under all of the facts and circumstances of this matter.

COUNT I – BREACH OF CONTRACT
(Defendant Integon)

20. The Plaintiff realleges paragraphs one (1) through fourteen (14) as if set forth more fully herein, and would allege still further:

21. At all times relevant hereto, the Defendant entered into an enforceable contract of insurance with the Plaintiff pursuant to which the Defendant obligated itself to make payments to the Plaintiff for direct physical loss by or from flood in an amount

to make the Plaintiff whole (after satisfaction of the deductible) and be sufficient to return the Insured Property to its pre-loss condition, up to the policy limits.

22. On or about September 28, 2022, the Plaintiff suffered a total loss of the Insured Property, and on that date, the Subject Policy was in full force and effect.

23. At all times relevant hereto, the Defendant, by and through its agents, has materially breached and failed to perform its duties under the Subject Policy by (a) denying and failing to honor the Plaintiff's total loss of the Insured Property; (b) incorrectly determining the scope of the loss and pricing the damages to the Insured Property; (c) incorrectly interpreting coverage and; (d) failing to make a loss payment to the Plaintiff for the full amount of the Loss.

24. As a direct and proximate result of the Defendant's material breaches of the Subject Policy and/or wrongful acts or omissions, the Plaintiff has been damaged in an amount to be determined at trial, including all contract damages that are due, and consequential damages due to a substantial claim delay.

WHEREFORE, the Plaintiff demands the entry of judgment against the Defendant for (a) compensatory damages; (b) pre-judgment and post-judgment interest, (c) an award of reasonable attorney's fees under any applicable rule, regulation, or statute, along with taxable costs, as the prevailing party, and (d) such further relief as this Court deems to be just and proper under all of the facts and circumstances of this matter.

<u>JURY TRIAL DEMANDED</u>

The Plaintiff hereby demands trial by jury on all issues so triable as a matter of right.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of this pleading has been filed with the Clerk of Court on this 6th day of October, 2023 through CM/ECF Filing System and served upon the Defendant through the State of Florida.

> Respectfully submitted,
> By: /s/ Jerome Ramsaran
> JEROME RAMSARAN, ESQ.
> (FBN: 112703)
> RAMSARAN LAW GROUP
> 1200 Brickell Ave., Suite 1950
> Miami, FL 33131
> Tel: (888) 423-9393
> Fax: (866) 473-2260
> Designated e-mail Addresses:
> Jerome@ramsaranlawgroup.com;
> amarie@ramsaranlawgroup.com;
> info@ramsaranlawgroup.com
> *Attorney for the Plaintiff*